### ROSE, Collector of Internal Revenue, v. DOBBS.

Circuit Court of Appeals, Fifth Circuit. December 13, 1929.

No. 5476.

C. P. Goree, Asst. U. S. Atty., of Atlanta, Ga., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Henry A. Cox and Thos. H. Lewis, Jr., Sp. Attys., Bureau of Internal Revenue, all of Washington, D. C. (Clint W. Hager, U. S. Atty., of Atlanta, Ga., on the brief), for appellant.

Harold Hirsch, of Atlanta, Ga., and John E. McClure, of Washington, D. C., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This was a suit by appellee to recover an assessment which he paid under protest to appellant as collector of internal revenue on income and excess profit taxes for the calendar year 1917. The district judge before whom the case was tried, upon a written stipulation waiving a jury, made the following special findings of fact which are admitted to be correct: In 1917, and during several years prior thereto, appellee was the owner of 23 out of a total of 500 shares of common stock of the Coca Cola Company. On February 18, 1917, the directors of the company adopted a resolution which provided: "That from the net profits of the corporation made during the year 1916, there be declared to the stockholders of record of this date, the sum of $3,000.00 per share, said dividend so declared to be paid in six instalments in equal amounts, on the 18th day of January, March, May, July, September and November of the year 1917." Dividends in the full amount of $1,500,000 were paid by the company in six installments of $250,000 each as declared.

As a matter of fact there were no profits earned during the year 1916 or after March 1, 1913, which had not been paid out prior to the passage of the resolution, but the company had a surplus of $816,000 which had been accumulated prior to March, 1913, and there was available for dividend purposes from 1917 earnings approximately $1,060,-000, leaving a balance of about $440,000 that was not available from that source. In 1918 the company paid $1,483,000 taxes for 1917, of which the sum of $316,453 was refunded by the government in 1922 under section 210 of the 1917 Revenue Act (40 Stat. 307). Appellee received on the dates fixed by the resolution six installments of $11,500 each, or $69,000 in all. In March, 1918, he filed his return for 1917 and paid $3,711.95 as his income and excess profit taxes. In 1923, after the refund to the company, he paid under protest an additional assessment of $5,860.22, to recover which he brought this suit after his demand for the return thereof was denied. The learned district judge concluded his findings of fact with the following analysis of figures given in evidence on the question of appellee's liability for taxes:

"If the payments of dividends are to be considered as exhausting the surplus accumulated prior to March 1st, 1913, before taken from the current earnings of 1917, a calculation will show that the dividends received by the petitioner Dobbs, he having 23 of 500 shares of the stock, from the old surplus were $37,536.00, and from the current earnings $31,464.00. If on the contrary the dividends are to be considered as drawn from current earnings so far as existent at the time the dividend was paid and only the excess drawn from the old surplus, then Dobbs received from the old surplus $20,240 and from the current earnings $48,760. On the

former basis his total taxes should have been $4,583.39. On the latter basis his .taxes should have been $7,026.43. If, however, the refund made in 1922 to the Company should be considered as available for the payment of dividends in 1917, the figures would be so altered as that the proper tax due by Dobbs would be $9,572.17, the amount really exacted from him and which he has paid."

On these facts the conclusions of law were: First, that the dividends should be considered as having been paid from 1917 earnings until they were exhausted, and then from the old surplus accumulated prior to March, 1913; and, secondly, that appellee was not liable, in so far as his 1917 income was concerned, for the additional assessment made against him in 1923 on his proportionate share of the amount refunded in 1922 to the Coca Cola Company. Judgment was accordingly entered in the sum of $2,545.74 for appellee.

Appellant contends that the second conclusion of law upon which the judgment was based is erroneous, and that there should have been no recovery. On the other hand, appellee by cross-appeal challenges the correctness of the first conclusion, and contends that the judgment in his favor should have been greater, on the ground that the dividends should be considered as having first exhausted the old surplus accumulated prior to March, 1913, and as having drawn only the balance then remaining from 1917 earnings.

The questions at issue arise under the Revenue Acts of 1916, approved September 8, 1916 (39 Stat. 756), and 1917 (40 Stat. 300). The former act by section 2 defines dividends to mean any distribution made or ordered out of earnings or profits accrued since March 1, 1913, 39 Stat. 757; and the latter act by section 1211 (40 Stat. 336) amended the former by adding six new sections including section 31, subdivision (a) of which made a change in the definition of dividends that is not material in this case. Subdivision (b) provides that the distribution of dividends "shall be deemed to have been made from the most recently accumulated undivided profits or surplus," but it contains a proviso to the effect that it shall not apply to any distribution made prior to August 6, 1917, out of earnings or profits accrued prior to March 1, 1913. 40 Stat. 337, 338.

■ We are of opinion that the resolution had the effect of distributing the old surplus which was not subject to income and excess profit taxes. Clearly this was authorized by the proviso as to all the installments paid prior to August 6, 1917. The old surplus

was sufficient to pay the first three installments and part of the fourth installment. It was necessary to resort to current earnings for the payment of a part of the July installment and all of the September and November installments, and they only are to be deemed to have been paid out of 1917 earnings. It is true that the resolution contemplated that the dividends would be paid out of net profits earned in 1916, but it is equally true that it was the intention of the Coca Cola Company to pay dividends out of past profits and not out of future earnings. A mistake in the resolution as to the year in which the past profits were earned was immaterial. The company's intention to pay dividends out of past profits should be given effect, although it happens that such profits were earned before March, 1913, and therefore were not subject to income or excess profit taxes.

■ We are also of opinion that appellee should be required to pay out of his 1917 income the taxes upon his proportionate share of the amount refunded in 1922 by the Treasury Department.

He objects to doing this on the ground that under section 210 of the Revenue Act of 1917 (40 Stat. 307) a refund cannot be enforced as a right of the taxpayer, but whether it will be allowed rests in the discretion of the Commissioner of Internal Revenue. Williamsport Wire Rope Co. v. United States, 277 U. S. 551, 48 S. Ct. 587, 72 L. Ed. 985. The refund had been made and appellee had become liable for taxes actually due thereon before payment of the additional assessment was demanded. The commissioner had exercised his discretion in favor of the taxpayer.

It would seem that the correction of mistakes should be mutual, and not one-sided. Appellee's obligation to pay taxes at the 1917 rate was a fixed liability, although it was unknown to him until the refund was made at a later date. And the government had the undoubted right to enforce collection by an additional assessment at the applicable rate of taxation. Rates of taxation may vary from year to year. An incorrect return by a corporation does not relieve its stockholders from paying taxes which they justly owe, and which under the law they may be compelled to pay by an additional or special assessment at any time within the period prescribed by the statute of limitations.

The judgment is reversed on both the direct appeal and the cross-appeal, and the cause is remanded for further proceedings not inconsistent with this opinion.